LEASE PROPERTIES, INC. v. JOSEPH M. SHINGLETON AND WIFE, ELIZABETH C. SHINGLETON

No. 745SC1078

(Filed 2 April 1975)

Waters and Water Courses § 1— paving portion of tract — no wrongful diversion of surface waters

The evidence was insufficient for the jury to find that plaintiff wrongfully diverted surface waters onto defendants' land where it tended to show only that plaintiff paved a portion of its tract and thereby increased the flow of water onto defendants' land.

APPEAL by defendants from *Tillery, Judge.* Judgment entered 5 September 1974 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 13 March 1975.

This is a civil action seeking damages for the alleged wrongful closing of a drainage ditch by the defendants and seeking a mandatory injunction requiring the defendants to reopen the ditch and enjoining the defendants from interfering in any way with the use of the ditch by the plaintiff, or its successors or assigns, in the future. In its complaint plaintiff alleged it had an easement across the defendants' land for drainage purposes by implication or by defendants' land's being servient to plaintiff's dominant land. Defendants answered denying that plaintiff had an easement across their land and counterclaiming that plaintiff: (1) wrongfully dumped large quantities of water on their land; (2) wrongfully trespassed on their land; and (3) slandered defendants' title to their land.

At the trial, plaintiff offered evidence tending to show that on 5 September 1969, it purchased a tract of land fronting on Highway #132 from Alex M. Trask and his wife, Virginia C. Trask; that this tract of land sloped from south to north and was higher than the tract of land immediately adjoining it on the north; and that there was a large ditch that began to the south of plaintiff's tract, flowed from south to north across plaintiff's tract and then flowed on across plaintiff's northern boundary line onto the adjoining tract of land to the north. Other evidence offered by the plaintiff tended to show that plaintiff constructed a building and three sheds on its tract and paved a large portion of its property; and that plaintiff made the ditch across its tract into an asphalt swale to drain the paved portion of its property. The deed from the Trasks permitted the plaintiff to close the ditch at the southern boundary of its tract and plaintiff did close the ditch at that point. As required by the deed from the Trasks plaintiff also constructed a swale along the southern boundary of its tract, leading to the highway.

The tract of land adjoining plaintiff's tract of land to the north was purchased from the Trasks by the defendants on 8 July 1972. In the spring of 1973, defendants filled in and completely closed the portion of the ditch that was on their property. This made it necessary for the plaintiff to dig a new ditch along its northern boundary, leading to the ditch running alongside Highway #132. According to the plaintiff's evidence, this new ditch did not drain as well as the ditch crossing defendants' land.

Evidence offered by the defendants tended to show that their land was higher than the plaintiff's land; that the water-

course running across plaintiff's land onto their land was not really a ditch, but only a little indentation, and there rarely was any water flowing through it until the plaintiff paved a large portion of its land; that until defendants filled in the indentation in 1973, a very large amount of water flowed from the paved portion of plaintiff's land onto their land; and that plaintiff never constructed a swale along its southern boundary as its deed from the Trasks required.

At the close of the evidence and upon plaintiff's motion, the trial court directed a verdict against the defendants on each of their counterclaims. These issues then were submitted to the jury and answered as follows:

"1. Does the plaintiff have a drainage easement across the lands of the defendants?

ANSWER: Yes.

2. Was this drainage ditch or drain wrongfully obstructed by one or more of the defendants?

ANSWER: Yes.

3. In what amount, if any, has the plaintiff been damaged by the wrongful acts of the defendants?

ANSWER: $350.00."

From judgment on the verdict awarding the plaintiff damages of $350, and ordering defendants to "re-open and reconstruct the drainage ditch that [previously] crossed their land", defendants appealed.

*Ellis L. Aycock and L. Gleason Allen for plaintiff appellee.*

*Addison Hewlett, Jr., for defendant appellants.*

MORRIS, Judge.

In our opinion the evidence in this case simply shows that the plaintiff paved a portion of its tract and thereby increased the flow of water onto defendants' land. There is no evidence of any diversion of surface water by the plaintiff. As we noted in *Apartments, Inc. v. Hanes*, 8 N.C. App. 394, 399, 174 S.E. 2d 828, 831 (1970), cert. denied 277 N.C. 110 (1970):

"It is well established that while neither a corporation nor an individual can divert water from its natural course

so as to damage another, they may increase and accelerate its flow. *Rice v. Railroad*, 130 N.C. 375, 41 S.E. 1031; *Davis v. Cahoon*, 5 N.C. App. 46, 168 S.E. 2d 70. In the case of *Davis v. R. R.*, 227 N.C. 561, 42 S.E. 2d 905, we find the following at pages 565, 566:

> ' " . . . As long as the drainage results in carrying the water along the natural course the servient proprietor may not complain, even though natural barriers on the higher land have been cut down and the flow of water both accelerated and increased. Were the rule otherwise, there would be no method by which any one owner could improve his land by the construction of ditches and drains which would carry the drainage upon another's property, because the purpose of such improvement in every instance is to hasten and increase the flow of water, and this object is only attained by the removal of natural barriers." *Fenton & Thompson R. Co. v. Adams*, 211 Ill., 201, 77 N.E., 531, 535.
>
> If the owner of adjacent property on a high level were not permitted to prepare his property for any legitimate purpose to which it might be put by leveling it or clearing it or other improvement, on the theory that he had no right to accelerate the flow of water therefrom but must leave it as an absorbant to retard its flow, it would deprive such owner of the use of his property.' "

Defendant's argument that by asphalting a large portion of its property, the plaintiff covered up the soil and made natural saturation impossible, thereby causing a diversion of the water, is ingenious but not persuasive. We think this case is controlled by *Apartments, Inc. v. Hanes, supra*.

No error.

Judges VAUGHN and ARNOLD concur.